# United States District Court

__Southern__ DISTRICT OF __New York__

Frank Halcond

ECF CASE

**SUMMONS IN A CIVIL CASE**

V.

Dr. Ronald D. Blatt and East Side Gynecology Services, Inc.

CASE NUMBER: **05 CV 2579**

JUDGE GRIESA

TO: (Name and address of defendant)

Dr. Ronald D. Blatt and East Side Gynecology Services, Inc.
1171 Valley Road
New Canaan, Connecticut 06840

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Koehler & Isaacs, LLP
c/o Joey Jackson
61 Broadway, 25th Fl
New York, NY 10006

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Jessica Doss_ (signature)

(BY) DEPUTY CLERK

MAR - 4 2005

DATE

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

| RETURN OF SERVICE ||
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant. Place where served: _____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

☐  Other (specify): _____

| STATEMENT OF SERVICE FEES |||
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                          Date                                                   Signature of Server

                                                                  _____
                                                                  Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FRANK HALCOND,

**COMPLAINT**

Plaintiff,

**JURY TRIAL DEMANDED**

-against-

Dr. RONALD D. BLATT & EAST SIDE GYNECOLOGY
SERVICES, INC.

Defendants.
------------------------------------------------------------------------X

## PARTIES

1.  Plaintiff, FRANK HALCOND, is a former employee of Dr. RONALD D. BLATT and EAST SIDE GYNECOLOGY SERVICES, INC.

2.  Plaintiff, FRANK HALCOND at all times hereinafter mentioned was, and still is, a citizen of the United States of America, and a resident of the State of New York.

3.  Defendant, Dr. RONALD D. BLATT, is the principal officer of EAST SIDE GYNECOLOGY SERVICES, INC., and as such is empowered with the responsibility of managing, running and otherwise overseeing the affairs of said corporation and otherwise has such powers, responsibilities and duties associated with that office.

4.  Defendant, EAST SIDE GYNECOLOGY SERVICES, INC., is a corporation duly organized and doing business under the laws of the State of Connecticut, with its offices located at 1171 Valley Road, New Canaan, Connecticut 06840.

## JURISDICTION

5. The court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States, specifically the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

## VENUE

6. The venue of this action is proper pursuant to 28 U.S.C. § 1391(b) as this action is brought in the judicial district where defendants reside and where a substantial part of the events or omissions giving rise to these claims occurred.

## ALLEGATIONS

7. On or about June 12, 2001, plaintiff and his then-employers, defendants Blatt and Eastside Gynecology, entered into an agreement ("Agreement") which provided that plaintiff's gross salary would be one hundred nineteen thousand four hundred twenty-seven dollars ($119,047.00). See Exhibit 1.

8. Pursuant to the Agreement, defendants assented to adding twenty five percent (25%) to said salary, or twenty-nine thousand eight hundred fifty-seven dollars ($29,857.00), for purposes of depositing same into a pension account ("Plan") for his benefit. See Exhibit 1.

9. Said Plan was at all times administered by Fidelity Brokerage Services, subject to defendant Blatt's direction. See Exhibit 2.

10. Notwithstanding the terms of the Agreement, defendants failed to make accurate or timely contributions to the Plan.

11. Specifically, defendants did not *add* an additional twenty-five percent (25%) to plaintiff's salary for pension purposes in accordance with the Agreement. Instead, defendants took said twenty-five percent (25%) from plaintiff's existing salary-- in violation of the Agreement.

12. Defendants additionally failed to make even that deficient contribution to the Plan account until several months later.

13. Plaintiff had multiple conversations with the defendants, commencing in 2002 and continuing thereafter regarding their failure to make the requisite pension contributions in accordance with the Plan.

14. While defendants assured plaintiff that the proper amounts would be deposited into his pension account, no such deposits were ever made.

15. In or about March 2002, plaintiff's salary was increased to one hundred eighty-two thousand dollars ($182,000.00) based upon a restructuring of his world load and substantial increase of his employment obligations.

16. The Agreement remained in place concerning the employer's obligation to add an additional twenty-five percent (25%) of plaintiff's salary, or forty-five thousand dollars ($45,000.00) to the Plan.

17. Defendants, however, failed to make the requisite contribution of twenty-five percent (25%) to plaintiff's salary for pension purposes in accordance with the Agreement.

18. Although monies were being taken from plaintiff's salary, *no pension*

3

*contributions were being made.*

19. No aspect of the Agreement between plaintiff and defendant concerning defendants' obligation to add a twenty-five percent (25%) contribution to plaintiff's salary for pension fund purposes was ever waived or otherwise modified.

20. Defendants at all times hereunder maintained an obligation to fulfill their commitment to plaintiff in all particulars.

21. Plaintiff continued to have multiple conversations with the defendants, after receiving this salary increase regarding their failure to make the requisite pension contributions in accordance with the Plan.

22. While defendants continued to assure plaintiff that the proper amounts would be deposited into his pension account, no such deposits were ever made.

23. Plaintiff requested an accounting from defendants regarding the contributions that they were required to make to his pension fund versus the *actual* contributions that were made during the course of his employment.

24. No such accounting has been provided.

## FIRST CAUSE OF ACTION
## ERISA § 502(a)(1)(B)

25. Plaintiff repeats each and every allegation contained paragraphs 1-24 herein.

26. Defendants intentionally, wilfully and knowingly failed to provide contributions to plaintiff's pension account in accordance with their agreement. Thus, plaintiff seeks to recover benefits due to him under the terms of his pension plan and to enforce his rights

under the terms of the plan pursuant to ERISA's civil enforcement provisions.

## SECOND CAUSE OF ACTION

### ERISA § 409

27. Plaintiff repeats each and every allegation contained in paragraphs 1-26 herein.

28. Defendants, as fiduciary of plaintiff's pension plan, breached the obligations imposed upon them by ERISA's provisions by intentionally, wilfully and knowingly failing to provide contributions to plaintiff's pension plan in accordance with their agreement. Thus, plaintiff seeks redress from defendants for his failure to comply with ERISA's fiduciary obligations.

**WHEREFORE**, the plaintiff demands a jury trial, and seeks one hundred fifty thousand dollars ($150,000.00) in compensatory damages, requests attorney fees, and asks for such further relief as to this Court shall seem just and proper.

Dated: New York, New York
February 11, 2005

Respectfully submitted,
KOEHLER & ISAACS LLP
Attorneys for Plaintiff
61 Broadway, 25th Floor
New York, New York 10006
Tel: (917) 551-1300

By: _____
JOEY JACKSON, ESQ. (JJ 0147)

# CHIPETINE, NEU & SILVERMAN, LLP

## ACCOUNTANTS & AUDITORS

310 Old Country Road  
Garden City, NY 11530

Phone (516) 248-9300  
Facsimile (516) 248-8711  
www.chipetine.com

June 12, 2001

Frank Halcond  
Eastside Gynecology  
225 East 64th Street, C-2  
New York, NY 10021

Dear Frank:

The annual numbers based on $156,000 are as follows:

| | | |
|---|---:|---:|
| Gross | | $119,427 |
| Employer paying on your behalf: | | |
|   FICA ($80,400 x 6.2%) | $ 4,984 | |
|   Medicare (1.45%) | 1,732 | |
|   Pension ($119,427 x 25%) | 29,857 | 36,573 |
| Total | | $156,000 |

In as much as we are beginning in June, the social security (FICA) will be different as the deduction is on the first $80,400. Annually, however, it will even out.

I used deductions of 20% Federal; 5% State and 4% City. Please show the numbers to your accountant as I can adjust them to whatever works for you.

I should point out to you that there is a small benefit to you and it has to do with the pension. As a self-employed individual you were limited to a pension contribution of 20%; an employee, however, can have a much as 25%.

If your accountant wants to speak directly to me, please tell him to call me.

Sincerely,

Bernard Chipetine

BC:jn

The Fidelity Retirement Plan

GARDEN CITY
GAR 117

# Money Purchase Pension Plan Contribution Form

Complete a form for each participant who wishes to trade securities or FundsNetwork® mutual funds in a plan account through Fidelity Brokerage Services LLC.

Section 1 should be completed and signed by the Employer, Section 2 completed by the Participant and signed by both the Participant and the Plan Administrator, and Section 3 completed by the Participant.

Additional participants can use photocopies of this form, but all signatures (from both employers and participants) must be original. Return your forms with a check payable to Fidelity Investments to initiate trading on your account. The minimum initial investment is $500. Use the enclosed envelope, or mail your forms to Fidelity Investments, P.O. Box 770001, Cincinnati, OH 45277-0001.

## 1 RETIREMENT PLAN INFORMATION TO BE COMPLETED AND SIGNED BY THE EMPLOYER

A. Type of Business: ☐ Unincorporated  ☒ Incorporated

B. Please complete the following information:

Business Name **Eastside Gynology Services, Inc.**

Employer Tax I.D. **1 3 - 4 1 6 6 9 4 2**
(Do not use a Social Security number.)

All forms must contain your Employer Tax I.D. Number. Do not use your Social Security number. If you need to obtain a Tax I.D. Number, please call the IRS at 800-829-1040.

Name of Plan Administrator **Ronald D. Blatt**
(The Plan Administrator can be the employer or a person designated by the employer who is responsible for administering the Keogh in accordance with the Plan Document.)

Plan Administrator Address **1171 Valley Road**
**New Canaan**     **CT**     **06840**
City     State     Zip

C. Has a Money Purchase Pension Plan Application already been filed to establish the plan for your business?

☐ Yes ☐ No  If yes, please indicate the account number below. If no, the employer must complete a Money Purchase Application.

T-**1 3 5 0 5 6 2 6 8**
Employer Money Purchase Plan Account Number

X _/s/ Ronald D. Blatt_     **3/26/02**
Signature of Employer     Date

## 2 PARTICIPANT INFORMATION TO BE COMPLETED AND SIGNED BY BOTH THE PARTICIPANT AND PLAN ADMINISTRATOR

A. Please tell us about yourself.

Your Name **Frank Halcond**

Date of Birth **3 22 40**
month/day/year

Permanent Street Address **935 Flint Ct**

**Valley Cottage,**     **NY**     **10989**
City     State     Zip

Social Security Number **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**

Daytime Phone **(212) 308-4988**

E-mail Address _____

Country of Citizenship ☒ U.S. ☐ Other _____

Country of Tax Residence ☒ U.S. ☐ Other _____

Occupation **Physician**

B. Affiliations.
Are you affiliated with or employed by a stock exchange or member firm of an exchange or the NASD,* a municipal securities broker-dealer, or by Fidelity? **NO**
☐ Yes, with _____

Are you a "control person" or "affiliate" of a public company as defined in SEC Rule 144? This would include, but is not necessarily limited to, 10% shareholders, policy-making executives, and members of the Board of Directors. **NO**
☐ Yes. Trading Symbol: _____
    Company: _____

C. Financial Information.
We are required by industry regulations to obtain this information. See Supplemental Information booklet for descriptions.

Investment Objective (choose one)
☒₁ Preservation of Capital
☐₂ Income
☐₆ Aggressive Income
☐₃ Growth
☐₄ Speculation

Annual Income (from all sources)
☐₁ Under $20,000
☐₂ $20,000-$50,000
☒₃ $50,001-$100,000
☐₄ Over $100,000

Estimated Net Worth (excluding residence)
☐₁ Under $30,000
☐₁ $30,000-$50,000
☐₂ $50,001-$100,000
☐₃ $100,001-$500,000
☒₄ Over $500,000

Estimated Liquid Net Worth
☐₁ Under $15,000
☐₁ $15,000-$50,000
☐₂ $50,001-$100,000
☒₃ $100,001-$500,000
☐₄ Over $500,000

Federal Tax Bracket
☐₁ 15%
☒₂ 28%
☐₃ Over 28%

D. Account Features.
Options. If you would like to trade options in your Money Purchase account, you must complete a Fidelity Options Account Application, available online at *Fidelity.com*.

*If yes, you must include a letter of account approval from your Compliance Officer with your account application and indicate your employer's company name and address above. Notification of your intent to open an account will be sent to your employer in accordance with the current regulations.

## Profit Sharing Plan Contribution Form (continued)

### E. Participant Agreement. Please sign here to open your Fidelity Retirement Plan through Fidelity Brokerage Services LLC (FBS)

I have received and read the Prospectus for *Fidelity Cash Reserves*, the money market fund to be used to hold assets of my Profit Sharing account pending other investment instructions. *I understand that it is my responsibility to read the prospectus for any mutual fund into which I purchase or exchange.* I also understand that my Account will be invested in accordance with my instructions as given from time to time to FBS. I understand that, upon issuer's request in accordance with applicable rules and regulations, Fidelity will disclose my name to issuers of securities if securities are held in my account so that I can receive important information unless I do not consent to disclosure and notify FBS in writing that I do not consent. I hereby certify under penalties of perjury that my Social Security number (as indicated in Section 2) is correct. I also certify that I am of legal age to enter into this agreement. I have read the Fidelity Brokerage Commission Schedule and Schedule of Fees and understand that certain brokerage fees and charges apply to this account. The Trustee may change this fee schedule from time to time, as provided in the Plan.

Although Fidelity Management Trust Company is a bank, I recognize that any investment company (e.g., any mutual fund/money market fund) in which my Retirement Plan may be invested is not a bank and is not backed or guaranteed by any bank or insured by the FDI. This agreement shall be construed, administered, and enforced according to the laws of the Commonwealth of Massachusetts, except as superseded by federal law or statute. The Fidelity Retirement Account Customer Agreement shall inure to the benefit of Fidelity's successors and assigns, whether by merger, consolidation or otherwise. Acceptance will be evidenced by a Letter of Acceptance sent by, or on behalf of, Fidelity Brokerage Services LLC, Fidelity Management Trust Company, and National Financial Services LLC.
I HAVE READ, UNDERSTAND AND AGREE TO BE BOUND BY THE FIDELITY BROKERAGE RETIREMENT ACCOUNT CUSTOMER AGREEMENT GOVERNING THIS ACCOUNT AS IS CURRENTLY IN EFFECT AND AS MAY BE AMENDED FROM TIME TO TIME. THIS ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION AGREEMENT. I ACKNOWLEDGE RECEIPT OF THE PRE-DISPUTE ARBITRATION AGREEMENT.

X _[signature]_         4/23/2002
Participant's Signature          Date

Sign here to open your Fidelity Retirement Plan brokerage account.

X _[signature]_
Plan Administrator's Signature          Date

## 3 PARTICIPANT BENEFICIARY DESIGNATION

If this is your first Fidelity Retirement Plan (Keogh), or if you are changing the designation of the beneficiaries previously submitted to Fidelity, please complete both the primary and contingent beneficiary sections in their entirety. Percentages must total 100%. If you previously set up a Fidelity Retirement Plan (Keogh) *and filed* a Beneficiary Designation with Fidelity and you are now adding a new account to your Retirement Plan, the original beneficiary designation will remain in effect and you do not need fill out the beneficiary designation section below unless you are changing the original designation. I hereby designate the person(s) named below as primary beneficiary(ies) to receive payment of the value of my Fidelity Retirement Plan account(s) upon my death. If more than one person is named and no share percentages are indicated, payment shall be made in equal shares to my primary beneficiary(ies) who survives me. If a percentage is indicated and a primary beneficiary(ies) does not survive me, the percentage that beneficiary's designated share shall be divided equally among the surviving primary beneficiary(ies). **I understand that if I designate anyone other than my spouse as primary beneficiary, the spousal consent portion of this form must be signed in the presence of a notary public.** If there is no primary beneficiary living at the time of my death, I hereby specify that the balance is to be distributed to my contingent beneficiary(ies) listed below. Payment to contingent beneficiaries will be made according to the rules of succession described above under Primary Beneficiary.
*Note: If beneficiary is a trust, please provide the trust's name and address, the date of the trust, and the trustee(s) name. Attach a separate sheet with this information.*

### Primary Beneficiaries (Please print names clearly.)

| First Name (If trust, please give name, address, and trustee's name.) | MI | Last Name | Social Security Number | Share % | Date of Birth/ Date of Trust | Spouse | Beneficiary is Other | Trust |
|---|---|---|---|---|---|---|---|---|
| 1. Frank | | Halcond, Jr. | 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 | 100 | 12/29/75 | ☐ | ☒ | ☐ |
| 2. | | | | | / / | ☐ | ☐ | ☐ |
| | | | | Total = 100% | | | | |

### Contingent Beneficiaries

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 1. | | | | | / / | ☐ | ☐ | ☐ |
| 2. | | | | | / / | ☐ | ☐ | ☐ |
| | | | | Total = 100% | | | | |

I understand that if I have not previously designated any beneficiary(ies) and I choose not to designate any beneficiary(ies) above, my beneficiary will be my surviving spouse or, if I do not have a surviving spouse, my estate. I am aware that this form becomes effective when delivered to, and accepted by, Fidelity and will remain in effect until Fidelity receives and accepts another form with a later date. The beneficiary information provided herein shall apply to all my Fidelity Retirement Plan accounts for which Fidelity Management Trust Company (or any successor trustee appointed pursuant to the terms of such Plan) acts as trustee, including both mutual fund and brokerage Profit Sharing and Money Purchase Plans, and shall replace all previous designation(s) I have made on any of my Fidelity Retirement Plan accounts.

X _[signature]_                    Frank Halcond
Participant's Signature          Print Participant's Full Name          Date

### Spousal consent: Please indicate the participant's marital status.  Single ☒   Married ☐

I hereby consent to the designation of the primary beneficiary(ies) listed above. I understand this consent allows the beneficiary(ies) listed above to be paid amounts that would otherwise be paid to me.

X _____          X _____
Signature of Participant's Spouse          Date          Notary Public          Date

Fidelity Brokerage Services LLC. Accounts carried by National Financial Services LLC. Members New York Stock Exchange, SIPC.

---

**Fidelity will complete this section.**

Fidelity Brokerage Acct. No. _____

Approved by R.R. _____ Date _____

Accepted by Manager _____ Date _____

**Fidelity Investments**

KEO-PSCONT-080

105316

GARDEN CITY
GAR 117

The Fidelity Retirement Plan

# Profit Sharing Plan Application

Fidelity Profit Sharing Plan #001

**To be Completed by the Employer.** To open your Profit Sharing Plan at Fidelity, simply fill out this Application and the Plan Contribution Form. If you have any questions, or would like help in completing this Application, don't hesitate to call Fidelity toll free at 800-544-5373. This Application may only be used with the above Plan and Trust Agreement.

## 1. PLEASE GIVE US SOME INFORMATION ABOUT YOUR BUSINESS.

Type of Business:

☐ Self-Employed   ☒ Incorporated

__Eastside Gynology Services, PC__
Business Name

__225 East 64th Street__
Business Address

__New York,__         __NY__         __10021__
City                State         Zip

(__212__)  __308-4988__
Business Phone:   day

(____)  _____
Business Phone:   evening

__13__ – __4166942__
Employer Tax I.D. Number

Plan Year and Limitation Year (Please check one):

☒ Calendar Year   ☐ Fiscal Year ending

If left blank, Calendar Year will be assigned. Please note that the Effective Date of your Plan will be the first day of the Plan Year chosen above, unless your Business was not yet established on that date, in which case the Effective Date will be the date on which your Business was established.

The Effective Date is: __7__ / __1__ / __01__
                      month  day  year

## 2. WHO IS ELIGIBLE TO PARTICIPATE IN THE PLAN?

Please indicate the requirements for an Employee to become a participant.

**A. Length of Service** (Please check one):

☒ Need not complete any waiting period.

☐ ____ Years of *uninterrupted* service must be completed (not more than two years).

☐ Total of ____ years of *accumulated* service must be completed (not more than two years).

**B. Age Requirement:** __21__ years

(Cannot be more than 21. Unless you indicate otherwise, the age requirement will be 21.)

## 3. WILL ALL EMPLOYEES NEED TO MEET THESE REQUIREMENTS?

(Please check one):

☒ Yes, all Employees must meet the requirements listed above.

☐ No, anyone who is an Employee on the Effective Date, regardless of whether he has completed the minimum service requirements, will participate immediately. All other Employees will need to complete the requirements.

## 4. DO YOU CURRENTLY HAVE OR HAVE YOU EVER MAINTAINED ANOTHER QUALIFIED PLAN?  NO

(If not, you may skip this section.)

If you maintain or ever maintained another qualified defined contribution plan (other than Fidelity Money Purchase Pension Plan #002), or if you maintain a welfare benefit fund (as defined in Section 419(e) of the Code) or an individual medical account (as defined in Section 415(l)(2) of the Code) under which amounts are treated as annual additions with respect to any participant in this plan, contributions to this plan will be cut back to avoid excess contributions.

If you maintain or ever maintained a defined benefit plan, you must indicate below how you will apportion contributions so that *total* contributions (for all plans) do not exceed the limits described in Section 12.3. You must do this in a way that acts automatically without any further action by you. (See booklet for details.)

_____

_____

_____

0531514

## 5  PLEASE SIGN BELOW TO ADOPT YOUR PLAN.

Failure to fill out this Application properly may cause your Plan to be disqualified. Please review the form before signing it.

Fidelity will inform you of all amendments it makes to the prototype plan, or if it ever discontinues or abandons the prototype plan.

For Texas residents: Pursuant to Section 11.6 of the Fidelity Defined Contribution Retirement Plan and Trust Agreement, this agreement is governed by the laws of the Commonwealth of Massachusetts to the extent not preempted by federal law.

The Employer named below hereby
☒ establishes   or   ☐ amends
(Please check one. See booklet for details.)

__Eastside Gynology Services, PC__
(Name of Business)

Profit Sharing Plan consisting of the Plan and Trust Agreement and this Application as completed. The Employer appoints Fidelity Management Trust Company as Trustee and agrees to the fees set forth in the Plan Contribution Form, as amended from time to time. The Employer hereby directs the Trustee to invest in Fidelity Cash Reserves (or Fidelity Daily Income Trust if the services of Strategic Advisers, Inc. have been engaged with respect to this plan) any funds of the Plan transmitted without complete investment instructions.

Although the Trustee is a bank, neither Fidelity Distributors Corporation nor any mutual fund in which your Retirement Plan may be invested is a bank, and mutual fund shares are not backed or guaranteed by any bank or insured by the FDIC.

If you have ever maintained or later adopt any other qualified plan (including a welfare benefit fund as defined in Section 419(e) of the Internal Revenue Code, which provides post-retirement medical benefits allocated to separate accounts for key employees, as defined in Section 419A(d)(3) of the Internal Revenue Code or an individual medical account, as defined in Section 415(1)(2) of the Code) in addition to this plan (other than Fidelity Money Purchase Pension Plan #002) you will not be able to rely on the opinion letter issued by the National Office of the Internal Revenue Service to the Fidelity Plans as evidence that your plan is qualified under Section 401 of the Internal Revenue Code. You will need to file for your own determination letter with the appropriate Key District Director of the IRS if you wish to be sure that your plans are qualified.

This Application may be used only in conjunction with basic plan document number 01, the Fidelity Defined Contribution Retirement Plan and Trust Agreement.

SIGNATURE OF EMPLOYER                        DATE

X_RDB_ _/s/_                                 12/30/01

__Ronald D. Blatt__
Name of person signing above (please print)

Fidelity Management & Research Company, the sponsor of this prototype plan, will inform you of all amendments it makes to the prototype plan, or if it ever discontinues or abandons the prototype plan. You may contact Fidelity Management & Research Company at:

Fidelity Management & Research Company
82 Devonshire Street
Boston, Massachusetts 02109
Attention: Prototype Plans
Telephone: 800-544-5373



Fidelity Brokerage Services LLC
Member NYSE, SIPC.

KEO-APPPS-0800

105362